UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>LEVINTE, INC.<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 24-09868<br><br>Chapter: 11<br>Honorable Jacqueline P Cox |

**ORDER AUTHORIZING DEBTOR TO ENTER INTO STIPULATION FOR USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**

This matter coming before the Court on the stipulation of Levinte, Inc. (the "Debtor"), MLC Carrier ("MLC"), Constantin Levinte ("Guarantor"), and Transportation Alliance Bank d/b/a TAB Bank ("TAB Bank"), for the entry of an order authorizing Debtor to enter into the stipulation for use of cash collateral and adequate protection, due notice having been given, and the Court being advised;

IT IS HEREBY ORDERED that

1. Debtor is authorized to enter into the Stipulation Agreement with MLC Carrier ("MLC"), Constantin Levinte ("Guarantor"), and Transportation Alliance Bank d/b/a TAB Bank ("TAB");

2. Debtor shall pay adequate protection payments to TAB Bank for the Debtor's continued use of the Collateral. The Debtor shall make payments as follows: the Debtor shall pay $37,200 immediately for the months of August 2024 and September 2024. The Debtor, directly or through MLC, shall make monthly cash payments in the amount of $18,600 per month due on the first day of each calendar month starting October 1, 2024, and each month thereafter. All of the adequate protection payments made hereunder are defeased and relinquished from the Debtor's estates;

3. As adequate protection, TAB shall have an allowed administrative expense priority claim under Sections 503(b) and 507(b) in the unpaid amount (if any) of the Debtor's obligations under this Stipulation, including the unpaid payments for the months of August 2024 and September 2024, and all subsequent post-petition payments until the time specified in the Stipulation Agreement. These adequate protection payments shall reduce the Equipment Claim by the amount of adequate protection payments paid to TAB, applied first to post-petition interest, costs and attorney's fees, followed by pre-petition interest, costs and attorney's fees before application to the principal balance;

4. Debtor shall at all times insure the Collateral in accordance with the provisions of the Loan Documents;

5. Debtor shall deliver to an agreed facility to permit TAB to inspect and install TAB's GPS Units on all of the Collateral and to assure proper maintenance and condition of the Collateral within 30 days of the Stipulation Agreement;

6. The Debtor shall repair and maintain the Collateral;

7. The Debtor will pay any and all taxes and governmental assessments on the Collateral;

8. Debtor shall keep the Collateral free from any and all possessory liens;

9. Upon the occurrence of, and failure to cure, an Event of Default pursuant to the Stipulation Agreement, the Debtor agrees that the Court shall enter an order terminating the automatic stay, to permit TAB to foreclose or otherwise enforce its security interests in or liens on the Collateral, and/or to exercise any other default-related rights and remedies under the loan documents.

Enter: *Jacqueline P. Cox*

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated: November 05, 2024

**Prepared by:**

Miriam Stein Granek
GUTNICKI LLP
4711 Golf Road
Suite 200
Skokie, IL 60076
(847) 745-6592
mgranek@gutnicki.com